### First Department, April, 1940.
### (April 5, 1940.)

Bankers Trust Company, Appellant, *v.* 1 East 88th Street Corporation and Cecile H. Kaufman, Respondents.

No opinion.

Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.; Dore and Callahan, JJ., dissent; dissenting opinion by Dore, J.

Dore, J. (dissenting). The complaint set forth the terms of the bond and mortgage and expressly demanded a deficiency judgment only against the corporate mortgagor, defendant 1 East 88th Street Corporation. That defendant defaulted in answering, thus admitting all allegations of the complaint. The judgment directed the referee to specify the amount of the deficiency without prejudice to any rights of plaintiff to make application in accordance with sections 1083 and 1083-a of the Civil Practice Act. Predicated on the admissions of the complaint, the referee's report, and the record there could be no question as to who was liable for any deficiency. Defendant corporation was sufficiently identified by the judgment and has not in any manner been prejudiced, for it had full notice of the liability asserted against it. Since the passage of Civil Practice Act, section 1083-a, there could not be included in any final judgment of foreclosure any final and definite determination or adjudication of a fixed liability for a deficiency. Even where defendant is explicitly named, the judgment is entirely conditional upon the subsequent proceedings required by section 1083-a. This is not the case of a judgment of foreclosure that fails to make any reference whatever to a deficiency judgment, thereby misleading the defendants to take no action by appeal or otherwise. Here the right was asserted, the claim made, the judgment provided for the fixation of the deficiency if it arose, the bond offered in evidence before was executed solely by 1 East 88th Street Corporation, and the record conclusively shows that defendant alone is liable for any deficiency.

Accordingly, I dissent and vote to reverse the order appealed from and to remand the matter to Special Term to ascertain pursuant to Civil Practice Act, section 1083-a, the true and reasonable market value of the mortgaged premises and the amount of the deficiency judgment, if any, against defendant 1 East 88th Street Corporation.

Callahan, J., concurs with Dore, J.